[Cite as *State v. Nachman*, 2014-Ohio-5480.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 13CA010511 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAWN P. NACHMAN | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13TRD02147 |

DECISION AND JOURNAL ENTRY

Dated: December 15, 2014

WHITMORE, Judge.

{¶1} Appellant, Shawn Nachman, appeals from the judgment of the Oberlin Municipal Court. This Court affirms.

I

{¶2} While on patrol Trooper Christopher Beyer observed a car following another too closely on the Ohio Turnpike in Lorain County. Trooper Beyer conducted a traffic stop and identified the driver as Nachman. Upon discovering that Nachman's driver's license was suspended because of a prior conviction for operating a vehicle under the influence of alcohol or drugs ("OVI"), Trooper Beyer issued a citation for driving with a suspended license.

{¶3} A bench trial was had on September 23, 2013, and Nachman raised an affirmative defense of substantial emergency. The court, on its own motion, continued the trial to provide Nachman an opportunity to submit documentation related to his affirmative defense. The court reconvened on October 23, 2013, and Nachman submitted three exhibits into evidence. On

November 11, 2013, the court entered a judgment of conviction and sentenced Nachman to three days in jail, a $250 fine, plus court costs, and suspended his driver's license for three days.

{¶4}   Nachman now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY BECAUSE APPELLANT PRESENTED A PREPONDERANCE OF EVIDENCE TO PROVE HE HAD A SUBSTANTIAL EMERGENCY WHILE DRIVING UNDER SUSPENSION.

{¶5}   In his sole assignment of error, Nachman argues that the court erred in finding that he had not proven his affirmative defense of a substantial emergency.

{¶6}   Whether a defendant has met his or her burden of an affirmative defense is reviewed under a manifest-weight-of-the-evidence standard. *See State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 36-40. In considering a manifest weight challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. *Id.* at ¶ 39, quoting *State v. Martin*, 20 Ohio App.3d 175, 175 (1st Dist.1983). "The question is 'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.'" *Hancock* at ¶ 39, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶7}   A person charged with driving while under an OVI license suspension may raise an affirmative defense of "substantial emergency." R.C. 4510.04. In raising this defense, "the accused has the burden of proving by a preponderance of the evidence that: (1) there was a 'substantial emergency,' and (2) the urgency of the circumstances made it necessary for him to drive at the time and place in question because no other driver was available." *State v. Harr*, 81 Ohio App.3d 244, 249 (9th Dist.1992). A "'substantial emergency' is those unforeseen

combination of factors which exist in fact and which a reasonable person would perceive as an emergency requiring an immediate response." *Id*. at 250.

{¶8} In May 2013, Nachman was living with his wife, children, and mother-in-law. Nachman's relationship with his wife and mother-in-law was strained. He testified that on May 22, 2013, he developed a toothache. The following day, after conducting some online research, he thought he might have an infection. On May 24, 2013, Nachman decided he had to go to the dentist. He said his jaw was swollen and he was in "extreme pain." He could not eat or drink. Nachman explained that his wife and mother-in-law were at work and could not leave early. Additionally, Nachman said no one else could drive him; his friends and his father were all working, and his mother was at her home in Vermilion recovering from a recent surgery. Nachman testified that he had two of his children with him so he did not think it was safe to take the bus. He stated that he could not take a taxi because he did not have the money and was "not comfortable with someone else driving [his] kids."

{¶9} According to Nachman, he saw no other option so he drove, with his children, to the dentist. The dentist diagnosed him with an infection and prescribed antibiotics and pain medication. Nachman paid $80 in cash for the dental visit and drove to Walgreens to fill the prescriptions. Nachman testified that, after leaving Walgreens, he wanted to take the prescribed pain medication, but did not want to do that while the children were in his care. He decided to drop the children off at his mother-in-law's place of employment. Nachman was pulled over by Trooper Beyer before reaching his destination.

{¶10} When Trooper Beyer asked Nachman for his license, registration, and insurance information, Nachman said he did not have them with him. He initially told Trooper Beyer that his license was suspended, but that he had work privileges. When Trooper Beyer asked for the

paperwork related to his privileges, Nachman told him that the papers were at home in his work pants. At trial, Nachman admitted that this was not true. According to Trooper Beyer, Nachman then told him that he had "kid privileges," which allowed him to drive anytime he had his kids in his car. At trial, Nachman maintained that he believed he could drive as long as he had his children with him. He agreed that he had never personally sought special driving privileges from the court in which he had his OVI conviction. Instead, Nachman said he "was misled by [his] attorney" and thought that his driving privileges were automatic.

{¶11} The trial court, on its own motion, continued the trial to provide Nachman an opportunity to submit documentation to support his argument of substantial emergency. When the trial reconvened a month later, the court heard no additional testimony, but Nachman submitted three documents into evidence. Those documents included: (1) patient notes from the dentist's records, (2) a bill from the dentist showing a cash payment of $80, and (3) a statement from Walgreens pharmacy, showing he filled prescriptions on May 24, 2013. The court noted the dentist's comments in the patient's notes exhibit.

> P[atient] presents with pain of duration 2 weeks that became progressively worse
> and began to lessen today with swelling present. * * *.

{¶12} Nachman argues that the court lost its way in finding that he had been experiencing pain for two weeks and not two days. Nachman contends that it is "quite likely" that the dentist recorded this in error. Regardless, Nachman argues, he perceived "his tooth situation [as one that] requir[ed] immediate medical attention." This perception, according to

Nachman, was reasonable, and therefore satisfies the first prong of the substantial emergency test.[1]

{¶13} We do not agree that the weight of the evidence supports a finding of substantial emergency. Nachman's credibility was at issue. While Nachman testified that his tooth had been bothering him for two days, the dentist's records indicated that Nachman had told the dentist that it had been painful for the prior two weeks and that the pain had somewhat subsided on the day of his visit. Further, Nachman told Trooper Beyer that he was allowed to drive because he had special driving privileges, including "kid privileges." He maintained that position at trial and testified that his misunderstanding of his driving privileges was because his attorney "misled" him. It is well settled that the trier of fact is in the best position to assess the demeanor of witnesses and evaluate their testimony as they testify in open court. *State v. Thomas*, 9th Dist. Summit No. 26893, 2014-Ohio-2920, ¶ 20.

{¶14} However, even if we were to accept Nachman's argument that there was a "substantial emergency" for him to get to the dentist, he failed to establish that no other driver was available. *See Harr*, 81 Ohio App.3d at 249. While Nachman testified that he did not take the bus because he thought it would be unsafe with the children, we are not persuaded. There is no testimony regarding the bus route or the reasons why he believed traveling on the bus with the children would be unsafe. Because another driver was available, Nachman's affirmative defense of substantial emergency fails.

{¶15} Nachman's assignment of error is overruled.

---

[1] To the extent that Nachman asserts the substantial emergency test is a subjective one, we disagree. As stated in *Harr*, the emergency must exist in fact and must, objectively, be perceived as an emergency requiring an immediate response. *Harr*, 81 Ohio App.3d at 250.

III

{¶16} Nachman's sole assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.