[Cite as *State v. Smith*, 2016-Ohio-7084.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27832 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FREDERICK L. SMITH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 12 3853 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

CARR, Presiding Judge.

{¶1} Appellant, Frederick L. Smith, appeals his convictions for rape and felonious assault. This Court affirms.

I.

{¶2} On December 23, 2014, L.E. spent the day with Frederick Smith, his brother, and his sister. L.E. had known Smith for about five months, and although they had previously been romantically involved, she considered him a friend at that time. The group took Smith's sister home and stopped at a liquor store on the way back to L.E.'s apartment, where Smith accused L.E. of having a relationship with his brother. After his brother left, Smith continued the accusations while methodically beating L.E. with a coat hanger, a belt, a shoe, his hands and fists, and his feet. According to L.E., Smith continued the beating in order to compel her to consent to sexual intercourse. During the course of the beating, which L.E. estimated to have lasted at least an hour, L.E. lost consciousness. When she awoke, her shirt was torn and her

pants had been removed. L.E. managed to go to her mother's apartment in the building next door, and her mother contacted the police. L.E. was transported by ambulance to the hospital.

{¶3} Detective Richard Morrison interviewed Smith, who had been arrested on allegations that he assaulted L.E. in connection with her injuries. During the interview, Smith agreed that he lost his temper when, in his words, L.E. was disrespectful; he acknowledged that he beat her with his hands, fists, and shoe; and he admitted that he placed his hands around her throat in a choking position. Smith then told Detective Morrison that after the beating, he had "consensual sex" with L.E. Detective Morrison's suspicions were raised by Smith's description of the events and, after he reviewed the medical records and photographs in the police file and interviewed L.E., Smith was charged with rape in violation of R.C. 2907.02(A)(1)(c), felonious assault in violation of R.C. 2903.11(A)(1), and sexual battery in violation of R.C. 2907.03(A)(1).

{¶4} Smith pleaded not guilty and waived his right to a jury trial. During his bench trial, Smith objected to the admission of his statement to Detective Morrison on the ground that it was a confession and could not be admitted without corroborating evidence that Smith engaged in sexual conduct with L.E. for purposes of R.C. 2907.02(A)(1)(c). The trial court overruled his objection and admitted the statement and, at the close of the evidence, found Smith guilty of all three charges. The trial court merged the charges of rape and sexual battery for purposes of sentencing, sentenced him to prison terms of ten years with respect to the rape conviction and seven years with respect to the felonious assault conviction, and ordered the sentences to be served consecutively.

{¶5} Smith appealed, raising seven assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED MR. SMITH'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY ADMITTING, OVER DEFENSE COUNSEL'S OBJECT, MR. SMITH'S PRIOR ALLEGED OUT OF COURT STATEMENT/CONFESSION, WITHOUT INDEPENDENT PROOF OF THE "CORPUS DEL[I]CTI" OF THE CRIME CHARGED.

{¶6} Smith's first assignment of error is that the trial court abused its discretion by admitting his statement to Detective Morrison in the absence of corroborating evidence that sexual conduct occurred between Smith and L.E. We disagree.

{¶7} In order to be admissible in court, extrajudicial confessions must be accompanied by corroborating evidence that tends to prove that a crime was committed. *State v. Maranda*, 94 Ohio St. 364, 369-371 (1916). The corpus delicti rule thus requires "some proof" of the act underlying the charge and the criminal agency involved in the act. *State v. Van Hook*, 39 Ohio St.3d 256, 261 (1988). "[T]he standard of proof is not a demanding one." *Id.* Indeed, "[t]he quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case." *Maranda* at syllabus. Circumstantial evidence will suffice. *State v. Goff*, 9th Dist. Summit No. 21114, 2003-Ohio-1134, ¶11. Because the corpus delicti rule is a rule of admissibility, this Court reviews a trial court's decision for an abuse of discretion. *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 11.

{¶8} As a threshold matter, the State urges us to conclude that Smith's statement to Detective Morrison was not a "confession" for purposes of the corpus delicti rule in the first instance. This Court has analyzed a corpus delicti issue in this way on one other occasion. *State v. Sledge*, 9th Dist. Summit No. 18079, 1997 WL 303331, *3 (May 21, 1997). *Sledge* is

distinguishable, however, because the substance of the defendant's statement in that case consisted of past actions rather than activity related to the offense with which he was charged. *Id.* ("The state asserts, and we agree, that Sledge's statement that he had smoked crack on prior occasions was not a confession to the crime with which he was charged. * * * He denied any knowledge of the cocaine found in the car and, therefore, did not confess to possessing or using any of the cocaine at issue.") In this case, there is ample evidence from the trial record to corroborate Smith's statement that he had sexual intercourse with L.E., so we assume, without deciding, that Smith's statements are a confession for purposes of the rule and proceed to the merits of Smith's argument.

{¶9} L.E. testified concerning the attack that Smith "push[ed] sex on me," but that she withheld consent numerous times. L.E. recalled that during the beating, Smith "called me all kinds of names, told me that I was going to do what he wanted to do. Told me it would be easy if I'd just give in." She testified that she blacked out after about an hour, but recalled that when she briefly regained consciousness, Smith was on top of her. She later regained consciousness to find that her shirt was torn and her pants had been removed. She was sure that some kind of sexual activity had taken place but, as she acknowledged, she had been unconscious from the force of the beating and could not remember.

{¶10} L.E.'s testimony, consisting of both her recollections of the events and circumstantial evidence from before and after, satisfies the "some evidence" standard required to satisfy the corpus delicti rule. The trial court, therefore, did not abuse its discretion by admitting Smith's statement to Detective Morrison in its entirety, and Smith's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN DENYING MR. SMITH'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT'S JUDGMENT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶11}** Smith's second and third assignments of error argue that his convictions for rape and sexual battery are based on insufficient evidence that sexual conduct occurred between him and L.E. His third assignment of error also argues that his convictions for rape and sexual battery are against the manifest weight of the evidence for similar reasons.

**{¶12}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio– 6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**{¶13}** Rape is prohibited by R.C. 2907.02(A)(1)(c), which provides:

No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

Sexual battery is prohibited by R.C. 2907.03(A)(1), which provides that "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." As explained by R.C. 2907.01(A), sexual conduct consists of "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." In addition, "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶14} In Smith's statement to Detective Morrison, which was properly admitted into evidence, he acknowledged that he struck L.E. repeatedly with a coat hanger, his hands, his fists, and a shoe, and he stated that he put his hands around L.E.'s throat in a choking position. L.E.'s testimony conveyed the full extent of the beating: she testified that it lasted at least an hour, at which point she lost consciousness until waking up with Smith on top of her. She also testified that the beating started when she refused to have sexual intercourse with Smith, and that as it continued, he told her that "it would be easy if I'd just give in." The extent of her injuries was such that when she was examined at the hospital, she rated her pain as ten on a scale of one to ten.

{¶15} The photographs admitted into evidence depict the horrific nature of Smith's actions: most of L.E.'s body bore bruises and cuts, including many contusions that bore the clear imprint of the sole of a shoe. L.E. testified that she awoke wearing no pants and a torn shirt and

that she was certain that sexual activity had occurred despite the fact that she had lost consciousness. Smith confirmed this fact in his interview, calmly informing Detective Morrison that he and L.E. had consensual sex.

{¶16} A trier of fact could reasonably conclude, based on this evidence, that Smith had sexual conduct with L.E. for purposes of R.C. 2907.02(A)(1)(c) and R.C. 2907.03(A)(1). With respect to the conviction for rape, a trier of fact could reasonably conclude that L.E. lost consciousness following a beating during which she repeatedly refused to consent to sexual intercourse with Smith, and that as a result, Smith knew that her physical condition prevented her from consenting. The vicious beating that L.E. sustained and her lack of consciousness that followed could certainly lead a trier of fact to conclude Smith employed means to coerce L.E. into sexual intercourse that would prevent resistance by a person of ordinary resolution. As such, Smith's position that his convictions for rape and sexual battery are not supported by sufficient evidence has no merit.

{¶17} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶18} Mr. Smith has argued that his convictions for rape and sexual battery are against the manifest weight of the evidence because L.E.'s trial testimony is not credible. Specifically,

he has argued that L.E. did not report sexual assault at the time of the attack, that she did not demonstrate any independent recollection of a sexual assault, and that her version of events was not corroborated by any physical evidence. Having reviewed L.E.'s trial testimony in its full context, this Court concludes that her testimony regarding the events is credible and that this is not the extraordinary case in which the weight of the evidence warrants reversal.

{¶19} L.E. testified that the physical attack by Smith occurred when he accused her of having a relationship with his brother and when she refused to have sexual intercourse with him. According to her testimony, the two were interwoven: throughout the attack, Smith "push[ed] sex on [her]," and she refused "numerous times." The attack started in the living room, then Smith took L.E. into the bedroom, dragging her by the hair. She lost consciousness as he choked her, then regained consciousness and vomited on her bedclothes. L.E. recalled that "He called me all kinds of names, told me that I was going to do what he wanted to do. Told me it would be easy if I'd just give in. * * * In other words, if I had sex with him, he would stop beating on me." She recalled that she regained consciousness at one point to find that Smith was on top of her.

{¶20} Although L.E. did not recall having sexual intercourse with Smith, she was "sure" that something sexual had happened while she was unconscious. She testified that she told the police that it was possible, but she also explained that she "didn't want to say anything because I didn't want any more embarrassment and humiliation." Detective Sandra Ridgeway Williams offered similar testimony regarding L.E.'s statements after the attack. Detective Morrison testified that L.E. seemed confused, but recalled that L.E. said she would not be surprised if sexual conduct had occurred.

{¶21} Adding to this testimony, of course, is Smith's admission that he had sexual intercourse with L.E. on the night in question. Although Smith coolly maintained that it was consensual sex, the surrounding circumstances, L.E.'s testimony that she lost consciousness as a result of the beating, and the extent of her physical injuries belie Smith's characterization of his actions. Having reviewed all of the testimony at trial and considered the credibility of all of the witnesses, therefore, we cannot conclude that this is the exceptional case in which the evidence at trial weighs heavily against the conviction.

{¶22} Smith's convictions for rape and sexual battery are supported by sufficient evidence and are not against the manifest weight of the evidence. His second and third assignments of error are overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY PERMITTING THE STATE TO ORALLY AMEND COUNT ONE OF THE INDICTMENT AT THE CLOSE OF ITS CASE, OVER DEFENSE COUNSEL'S OBJECTION.

{¶23} Smith's fourth assignment of error argues that the trial court erred by granting the State's motion to correct a typographical error that omitted some of the language from R.C. 2907.02(A) from Count One of the indictment. We disagree.

{¶24} Under Crim.R. 7(D), amendment to an indictment may be allowed by the trial court "at any time before, during, or after trial * * * in respect to any defect, imperfection, or omission in form or substance * * * provided no change is made in the name or identity of the crime charged [.]" An amendment that changes the penalty or degree of a charged offense is a change to the identity of the crime charged. *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, syllabus. An amendment that includes an essential element of a charged offense that was omitted from the indictment can be cured under Crim.R. 7(D) as long as the name or identity of

the crime is unchanged and the defendant has not been misled or prejudiced. *State v. O'Brien*, 30 Ohio St.3d 122 (1987), paragraph two of the syllabus.

{¶25} In this case, Count One of the indictment charged Smith with rape in violation of R.C. 2907.02(A)(1)(c). The statute provides:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

Count One of the indictment included the language of the statute and recited the precise section of the statute under which Smith was charged, but omitted the first phrase. Count One of the indictment provided:

> The Jurors of the Grand Jury of the State of Ohio * * * DO FIND AND PRESENT That Frederick L. Smith on or about the 23rd day of December, 2014, in the County of Summit and the State of Ohio, aforesaid, did commit the crime of RAPE in that [L.E.'s] ability to resist or consent was substantially impaired because of a mental or physical condition or because of advanced age, and FREDERICK L. SMITH knew or had reasonable cause to believe that such person's ability to resist or consent was substantially impaired because of a mental or physical condition or because of advanced age, in violation of Section 2907.02(A)(1)(c) of the Ohio Revised Code, a FELONY OF THE FIRST DEGREE contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio.

The trial court permitted the State to amend the indictment to include the omitted language from the statute to the effect that Smith "engage[d] in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender." R.C. 2907.02(A).

{¶26} This amendment did not change the name or identity of the crime charged, and Smith was not been misled or prejudiced by the amendment. Count One put Smith on notice that

he faced a charge of rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree. The amendment merely added language that had been omitted in the first instance. There is no indication in the record that Smith was unaware of the nature of the charge against him, and he specifically took issue throughout the trial court proceedings on the allegation that he engaged in sexual conduct with L.E. Under these circumstances, the trial court did not err by granting the State's motion to amend the indictment.

{¶27} Smith's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND/OR PLAIN ERROR WHEN IT FAILED TO MERGE COUNT ONE (RAPE) WITH COUNT TWO (FELONIOUS ASSAULT) FOR SENTENCING PURPOSES AS THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO MERGER.

{¶28} In his fifth assignment of error, Smith has argued that the trial court erred by failing to merge his convictions for rape and felonious assault. We do not agree.

{¶29} R.C. 2941.25 describes the circumstances under which a defendant may be convicted on multiple offenses:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In order to determine whether multiple offenses are allied offenses of similar import, courts must consider the nature of the defendant's conduct. "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate,

identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25.

**{¶30}** The conduct in this case was committed separately and, for that reason, the trial court did not err by declining to merge Smith's convictions for felonious assault and rape. L.E. testified that Smith beat her over the course of at least an hour, and the photographic evidence admitted at trial confirms the severity and extent of the attack. L.E. also testified that she lost consciousness and awakened to find Smith on top of her. Thus, although L.E.'s incapacity for purposes of consent under R.C. 2907.02(A)(1)(c) was due to the fact that she had been rendered unconscious and her incapacity was the direct result of the vicious assault that Smith inflicted, the rape followed upon and constituted a separate offense from the felonious assault.

**{¶31}** Smith's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED MR. SMITH TO CONSECUTIVE SENTENCES, OVER DEFENSE COUNSEL'S OBJECTION, WITHOUT STRICTLY FOLLOWING APPLICABLE SENTENCING STATUTES.

**{¶32}** Mr. Smith's sixth assignment of error argues that the trial court erred by sentencing him to consecutive sentences for rape and felonious assault. We disagree.

**{¶33}** R.C. 2929.14(C)(4) permits sentences to be imposed consecutively under the circumstances described therein:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and

to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.41(A) expresses a statutory presumption in favor of concurrent sentences, and the judicial factfinding required by R.C. 2929.14(C)(4) is necessary to overcome that presumption. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 23.

{¶34} This Court's review of consecutive sentences is governed by R.C. 2953.08(G)(2)(a), which requires us to "review the record, including the findings underlying the sentence or modification given by the sentencing court" and authorizes us to vacate and remand for resentencing if we "clearly and convincingly find * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *" or conclude that the sentence is otherwise contrary to law. Stated differently, unless this Court concludes that consecutive sentences are clearly and convincingly contrary to law, we can vacate the sentences only if we find by clear and convincing evidence that they are not supported by the record. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23 (Mar. 15, 2016). With respect to the findings necessary to impose consecutive sentences, the Ohio Supreme Court has concluded:

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533,

¶ 47, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Bonnell* at ¶ 29.

**{¶35}** During sentencing, the trial court found that consecutive sentences are necessary to protect the public and to punish Smith; that they are not disproportionate to the seriousness of his conduct or the danger that he poses to the public; and that consecutive sentences are necessary to protect the public from future crime. *See* R.C. 2929.14(C)(4). The trial court also found that the multiple offenses were committed as part of a course of conduct that resulted in harm so great or unusual that a single prison term would not adequately reflect the seriousness of Smith's conduct. *See* R.C. 2929.14(C)(4)(b). The trial court reiterated these findings in the sentencing entry.

**{¶36}** The record contains ample evidence supporting these findings regarding the seriousness of Smith's conduct and the great and unusual degree of harm he inflicted upon L.E. The evidence at trial established that Smith engaged in a prolonged and vicious attack on L.E. that inflicted injuries over her entire body and left her unconscious. L.E. testified that her refusal to consent to sexual intercourse spurred Smith on and, faced with her persistent refusals, continued to beat her as he told her that she "was going to do what he wanted to do" and that "it would be easy if [she] just gave in." Despite the fact Smith beat L.E. until she lost consciousness, he showed no qualms in telling Detective Morrison that they had consensual sex after the beating stopped.

**{¶37}** The trial court complied with R.C. 2929.14(C)(4) in imposing consecutive sentences upon Smith, and this Court therefore concludes that the consecutive sentences are not

clearly and convincingly contrary to law. Having concluded that the record supports the trial court's findings, Smith's sentence must be upheld. *Bonnell* at ¶ 29. Smith's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED MR. SMITH A FAIR AND IMPARTIAL TRIAL.

{¶38} Under the cumulative error doctrine, a conviction may be reversed when the cumulative effect of errors deprives a defendant of the constitutional right to a fair trial even though none of the errors, in isolation, was prejudicial. *State v. DeMarco*, 31 Ohio St.3d 191 (1987), paragraph two of the syllabus. In the absence of multiple errors, the cumulative error doctrine does not apply. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 132.

{¶39} In this case, Smith has not identified errors in the trial court proceedings, so it cannot be said that cumulative errors deprived him of a fair trial. *See State v. Taylor*, 9th Dist. No. 09CA009570, 2010-Ohio-962, ¶ 40. Smith's seventh assignment of error is overruled.

III.

{¶40} Smith's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.