**[Cite as *State v. Scott*, 2025-Ohio-5843.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.  31210 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW THOMAS SCOTT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.  CR-2024-03-1104 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

---

HENSAL, Judge.

**{¶1}** Matthew Scott appeals his conviction by the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Under Revised Code Section 2950.05, individuals who are obligated to register their address as a result of a conviction for a sexually oriented offense must give written notice of a change of address. Mr. Scott was charged with failure to provide notice that his address had changed under Section 2950.05(F)(1). The indictment provided that he had been convicted of importuning "on or about August 11, 2020, in the Summit County Court of Common Pleas, Summit County, Ohio, Case No. 20-CR-0013 . . . ." Mr. Scott moved to dismiss the indictment, arguing in part that the indictment incorrectly referenced a conviction in Summit County when his conviction was from Coshocton County. The State moved to amend the indictment by changing the court from "Summit" to "Coshocton" county while leaving the rest of the information

unchanged. The trial court granted the motion to amend and denied the motion to dismiss, observing that the materials that had been provided in discovery were correct and that correcting the county did not change the identity or nature of the offense.

{¶3} Mr. Scott pleaded no contest to the charge. The trial court found him guilty and sentenced him to one year of community control. Mr. Scott appealed.

II.

**ASSIGNMENT OF ERROR I**

THE STATE FAILED TO PRODUCE ANY EVIDENCE THAT THE JOURNAL ENTRY OF THE PREDICATE CONVICTION PROVIDED THE REQUIRED OFFENDER STATUS REGISTRATION NOTICE REQUIREMENTS AND HENCE THE STATE CANNOT PROVE THE ELEMENTS IN THE INDICTMENT BEYOND A REASONABLE DOUBT AND AS SUCH THE FACTUAL BASIS IS INSUFFICIENT TO ALLOW A FINDING OF GUILT AND THE FINDING OF GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SUCH THAT THE COURT ERRED IN NOT DISMISSING THE INDICTMENT AND IN ENTERING A FINDING OF GUILTY FROM THE FACTUAL BASIS FOR THE NO CONTEST PLEA.

{¶4} In his first assignment of error, Mr. Scott appears to argue that there is insufficient evidence to support his conviction because his guilty plea in the underlying case was not knowing, voluntary, and intelligent. He also appears to challenge the weight of the evidence underlying his conviction on the same basis. A plea of no contest, however, waives a defendant's right to raise a sufficiency or manifest-weight challenge to the conviction. *State v. Morgan*, 2020-Ohio-3955, ¶ 44 (9th Dist.). In general, a defendant can only challenge the sufficiency of the *indictment* after pleading no contest. *State v. Mason*, 2016-Ohio-7081, ¶ 30 (9th Dist.), quoting *State v. Cianci*, 1986 WL 6675, *2 (9th Dist. June 11, 1986). To the extent that Mr. Scott has argued that the indictment was insufficient because the underlying plea was not knowing, voluntary, and intelligent, he cannot challenge his plea in the underlying case in the context of this appeal. Mr. Scott's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE COURT ERRED AND ABUSED ITS DISCRETION IN AMENDING THE INDICTMENT AS THE RESULTANT CHANGE ALTERED THE NATURE AND SUBSTANCE OF THE CHARGE AS DELIVERED AND PRONOUNCED IN A TRUE BILL BY THE SUMMIT COUNTY GRAND JURY.

**{¶5}** Mr. Scott's second assignment of error argues that the trial court erred by granting the State's motion to amend the indictment. This Court does not agree.

**{¶6}** "The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 2006-Ohio-4707, ¶ 7. "Under Crim.R. 7(D), a court may amend an indictment 'at any time' if the amendment does not change 'the name or identity of the crime charged.'" *State v. Davis*, 2008-Ohio-4537, ¶ 1, quoting Crim.R. 7(D). A trial court's decision to permit amendment of an indictment is reviewed for an abuse of discretion. *State v. Kittle*, 2017-Ohio-7853, ¶ 23 (9th Dist.).

**{¶7}** An amendment changes the identity of an offense when it modifies the penalty or degree of the charged offense. *State v. Pepka*, 2010-Ohio-1045, ¶ 15. On the other hand, for example, an amendment that adds statutory language that had been omitted from an indictment does not change the identity of the offense charged and is permitted by Rule 7(D). *State v. Smith*, 2016-Ohio-7084, ¶ 25-26 (9th Dist.). An amendment to the timeframe during which an offense is alleged to have occurred also does not change the identity of an offense. *State v. Rosa*, 2016-Ohio-5282, ¶ 10 (9th Dist.). Similarly, a change to the allegations regarding venue does not change the identity of the offense charged. *State v. Thompson*, 2016-Ohio-4689, ¶ 12 (9th Dist.). "As long as the state complies with Crim.R. 7(D), it may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged." *Pepka* at ¶ 15.

{¶8}  In this case, the indictment charged Mr. Scott with failure to provide notice that his address had changed under Section 2950.05(F)(1).  The indictment provided that he had been convicted of importuning "on or about August 11, 2020, in the Summit County Court of Common Pleas, Summit County, Ohio, Case No. 20-CR-0013 . . . ."  The State moved to correct the name of the court in which he was convicted.  This amendment did not change the name or identity of the crime with which he was charged: Mr. Scott was on notice that he was charged with a violation of Section 2950.05(F)(1) based on registration requirements arising from  a previous conviction.  This Court cannot conclude that the trial court abused its discretion by allowing amendment of the indictment in these circumstances.  Mr. Scott's second assignment of error is overruled.

III.

{¶9}  Mr. Scott's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN D. MARTINO, Assistant Prosecuting Attorney, for Appellee.