[Cite as *State v. Odums*, 2026-Ohio-2171.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31428 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EARL ODUMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2024-06-2173 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2026

---

HENSAL, Judge.

{¶1} Earl Odums appeals his conviction and sentence for failure to register by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Because of his status as a sexual offender, Mr. Odums had to notify the sheriff's office about any changes of address he experienced after he was released from prison. After his release, Mr. Odums initially entered a residential transition program, but he was terminated from the program after he got into a disagreement about its rules. According to Mr. Odums, he called the sheriff's office to schedule an appointment to update his change of address but had to leave a voice mail. His phone service expired before he received a return call, and it did not resume until over a week later. Shortly, thereafter, he was arrested and indicted for failure to provide notice of his change of address. Following a trial to the bench, the court found him guilty of the offense and imposed sentence. Mr. Odums has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING ODUMS HAD NOT AVAILED HIMSELF OF THE AFFIRMATIVE DEFENSE PROVIDED FOR IN THE STATUTE

{¶3} In his first assignment of error, Mr. Odums argues that the trial court should have acquitted him because he established an affirmative defense. "Whether a defendant has met his or her burden of an affirmative defense is reviewed under a manifest-weight-of-the-evidence standard." *State v. Nachman*, 2014-Ohio-5480, ¶ 6 (9th Dist.). When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶4} Mr. Odums was charged with failing to comply with Revised Code Section 2950.05. Under that section, "individuals who are obligated to register their address as a result of a conviction for a sexually oriented offense must give written notice of a change of address." *State v. Scott*, 2025-Ohio-5843, ¶ 2 (9th Dist.). Ordinarily, individuals must provide notice at least 20 days before the change. *See* R.C. 2950.05(A). Section 2950.05(G), however, allows a defendant to establish the affirmative defense of impossibility if they did not know about the change in time to comply with the requirement. To qualify for the affirmative defense, the individual must notify the sheriff of their change of address by telephone after learning their new address. R.C.

2950.05(G)(1)(a). If the individual does not have reasonable access to a telephone, they must give notice by the end of the first business day after they gain reasonable access to a telephone. *Id.* Alternatively, the individual may provide written notice of a change of address by the end of the first business day after learning their new address. R.C. 2950.05(G)(1)(b).

{¶5} According to Mr. Odums, after he was terminated from the transition program, it took a little bit of time to figure out where he could live, and he moved between a few of his siblings' residences. He claimed that he contacted the sheriff's office to schedule an appointment to update his registration. His cell phone plan expired, however, during this period and he did not regain service for several days. At one point he checked with the transition program to see if a message was left for him there, but there was not.

{¶6} Sheriff's office employees had no record that Mr. Odums called to schedule an appointment to update his address. Mr. Odums also made no attempt to contact the office again after he regained service on his cell phone. At that point, he was living with one of his siblings. Upon review of the record, we conclude that the trial court did not lose its way when it determined that Mr. Odums did not establish an affirmative defense for failure to notify under Section 2950.05. This is not the exceptional case where the evidence weighs heavily against the conviction. Mr. Odums's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO CREDIT ODUMS WITH TIME
SERVED IN JAIL TOWARD HIS MANDATORY PRISON TERM

{¶7} In his second assignment of error, Mr. Odums argues that the trial court should have awarded him credit toward his mandatory prison sentence for the time he was confined before trial. The trial court determined that, although Mr. Odums could receive credit toward his base sentence, it could not apply jail-time credit to the mandatory three-year part of the sentence.

{¶8} Because Mr. Odums had a qualifying prior conviction, the trial court was required to "impose a definite prison term of no less than three years" that was "[i]n addition to" his base sentence for the offense. R.C. 2950.99(A)(2)(b). Section 2950.99(A)(2)(b) also provides that "[t]he definite prison term imposed under this section shall not be reduced to less than three years pursuant to any provision of Chapter 2967. or any other provision of the Revised Code." Credit for confinement awaiting trial is governed by Section 2967.191. Accordingly, the express language of Section 2950.99 prohibits jail-time credits from being applied to the part of a defendant's sentence that was imposed under Section 2950.99(A)(2)(b). *See State v. Moore*, 2018-Ohio-3237, ¶ 15 (concluding that similar language under Section 2929.24(B)(1)(b) prohibited a defendant from receiving jail-time credit toward a prison term imposed for a firearm specification).

{¶9} Mr. Odums argues that applying the statutory prohibition to his jail-time credit violates his right to equal protection. *Moore* at ¶ 26 (explaining "that the failure to provide jail-time credit may raise equal-protection concerns in some circumstances."). Because he did not make an equal protection argument to the trial court, this Court's review is for plain error. Crim.R. 52(B). "To establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings." *State v. Grant*, 2019-Ohio-3561, ¶ 5 (9th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶10} At Mr. Odums's sentencing hearing, the State noted that the base penalty for Mr. Odums's offense was 9 to 36 months. It requested that the court impose 12 months for the base penalty, and a total of 48 months after adding the extra term for having a prior conviction. The

court noted that Mr. Odums had 253 days of jail-time credit and verified that the time could be applied to Mr. Odums's base sentence. Because of the jail-time credit, the court sentenced Mr. Odums to "time served on the underlying piece of it" and imposed the minimum of three years for the required sentence under Section 2950.99(A)(2)(b).

{¶11} Upon review of the record, we conclude that Mr. Odums has not established plain error. The trial court exhausted any jail-time credit to which Mr. Odums was entitled by making his underlying sentence equal to the credit. This case does not present exceptional circumstances where taking notice of any alleged error would prevent a manifest miscarriage of justice. *See Moore* at ¶ 29 (explaining that defendant was not denied equal protection because full jail-time credit was applied to part of sentence for underlying felonies). Mr. Odums's second assignment of error is overruled.

III.

{¶12} Mr. Odums's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.